**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| ELISHA R. RIGGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:10-1410 |
| | ) | |
| D. SNOW, Unit Manager, | ) | |
| FCI Beckley, | ) | |
| | ) | |
| Defendant. | ) | |

**and**

| | | |
|---|---|---|
| ELISHA R. RIGGLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:11-0373 |
| | ) | |
| Joel Zeigler, Warden, | ) | |
| FCI Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER OF CONSOLIDATION

Plaintiff/Petitioner has initiated the above two actions charging violations of his constitutional rights in the construing of his November 7, 2010, Inmate Request to Staff as containing a threat in violation of Code 203, a high category prohibited act, and disciplinary proceedings and penalties imposed for his violation of Code 203.[1]

On December 27, 2010, the Court received two letters from Plaintiff/Petitioner dated

---

[1] On November 7, 2010, Plaintiff/Petitioner submitted an Inmate Request to Staff addressed to Unit Manager Snow by which Plaintiff/Petitioner stated that he did not want another inmate placed near him when the other inmate was released from segregation and stating that "I do not want to be put in a situation to where he messes with me and I stab him with a ink pen or something."

December 5, 2010, and the Clerk filed Plaintiff/Petitioner's letters designating them his Complaint (Civil Action No. 5:10-1410, Document No. 1.).[2] In the first letter, Plaintiff/Petitioner states that in November, 2010, he submitted a request to Defendant Snow indicating that he was having a problem with another inmate and requesting that he and the other inmate be separated so that he would not "be put in a situation to where I would stab him or something. This was a plea for help. I even stated on the request that I wanted him to call me to his office to talk this over." Plaintiff/Petitioner's request to Defendant Snow was construed as a threat upon the other inmate, and Plaintiff/Petitioner was charged in an incident report with committing a Code 203 violation, threatening another with bodily harm or any other offense, a high category prohibited act, and "placed in lock up." *See* 28 C.F.R. § 541.13, Table 3, and BOP's Program Statement 5270.08, Table 3. Plaintiff/Petitioner indicates that as a consequence of his Code 203 violation, he received additional custody points and qualified for a transfer to a United States Penitentiary. Plaintiff/Petitioner accuses Defendant of "playing games with my life and my time" and "setting me up to kill myself or get killed." Plaintiff/Petitioner requests that the Court "hear this matter as a habeas corpus combined with a civil action . . .." In his second letter, Plaintiff/Petitioner states that he was being held "in lock up" and was not provided a copy of the incident report or any document indicating that he had been found guilty of the Code 203 violation. Plaintiff/Petitioner states that ""[t]his is all illegal and cruel and unusual punishment, and I feel that D. Snow is making a joke of my time and my life and well being."[3]

---

[2] Because Plaintiff/Petitioner is acting *pro se*, the documents which he files are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] Plaintiff/Petitioner was found in this District Court to have violated 18 U.S.C. § 876(c) by mailng threatening communications in 2004 in *United States v. Riggleman*, Criminal No. 2:04-0048

On May 24, 2011, Plaintiff/Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody naming Joel Zeigler, Warden of FCI Beckley, as the Defendant. Elisha Riggleman v. Joel Zeigler, Civil Action No. 5:11-0373. Plaintiff/Petitioner contends essentially that the BOP improperly construed his November 7, 2010, Inmate Request to Staff which he intended as a request for help as containing a threat and disallowed 27 days of good conduct time as the penalty for his violation of Code 203. In support of his position, Plaintiff/Petitioner cites United States v. Barcley, 452 F.2d 930 (8th Cir. 1971), in which the Court distinguished between clearly threatening language and language susceptible of "a number of innocuous interpretations which are equally plausible." In considering an inmate's Application for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Plaintiff's First, Fifth and Eighth Amendment rights are implicated in this Section 2241 proceeding.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may

---

(Chief Judge Goodwin), and the Court imposed an 18 month term of imprisonment and a three year term of supervised release. Plaintiff/Petitioner was found guilty again of violating 18 U.S.C. § 876(c) in the Northern District of West Virginia in 2007 and sentenced to 46 months in prison and a three year term of supervised release. *United States v. Riggleman*, Criminal No. 2:06-0023 (District Judge Maxwell). It appears that Plaintiff/Petitioner's sentences in the above two matters were aggregated. Plaintiff/Petitioner's projected release date is currently September 12, 2012. On May 24, 2011, however, an Indictment was filed in this District Court charging Plaintiff/Petitioner with threatening to kidnap and assault a BOP officer and murder and assault the officer's wife and child in violation of 18 U.S.C. § 115(a)(1)(B). *United States v. Riggleman*, Criminal No. 5:11-0124 (District Judge Berger). Trial in this matter is scheduled to begin on August 1, 2011.

make such orders concerning proceedings therein as may tend to avoid unnecessary cost and delay." Clearly, common questions of law and fact are presented in the above two civil actions as Plaintiff/Petitioner alleges in both violations of his constitutional rights in the construing of his November 7, 2010, Inmate Request to Staff as containing a threat in violation of Code 203 and the disciplinary proceedings which followed. As it appears that no party will be prejudiced by consolidation, the Court elects to consolidate these civil actions. Accordingly, it is hereby **ORDERED** that Civil Action Nos. 5:10-1410 and 5:11-0373 are consolidated, with Civil Action No. 5:11-0373 designated as the lead action.

The Clerk of this Court is directed to send a copy of this Order to Plaintiff/Petitioner, who is acting *pro se*.

ENTER: June 10, 2011.

R. Clarke VanDervort
United States Magistrate Judge

4