## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **ELISHA R. RIGGLEMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:10-1410** |
| | ) | |
| **D. SNOW, Unit Manager,** | ) | |
| **FCI Beckley,** | ) | |
| | ) | |
| Defendant. | ) | |

**and**

| | | |
|---|---|---|
| **ELISHA R. RIGGLEMAN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:11-0373** |
| | ) | |
| **Joel Zeigler, Warden,** | ) | |
| **FCI Beckley,** | ) | |
| | ) | |
| Respondent. | ) | |

### **PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiff/Petitioner initiated the above two actions[1] charging violations of his constitutional rights in the construing of his November 7, 2010, Inmate Request to Staff as containing a threat in violation of Code 203, a high category prohibited act, and disciplinary proceedings and penalties imposed for his violation of Code 203.[2] By separate Order, the undersigned consolidated the two

---

[1] Because Plaintiff/Petitioner is acting *pro se*, the documents which he files are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On November 7, 2010, Plaintiff/Petitioner submitted an Inmate Request to Staff addressed to Unit Manager Snow by which Plaintiff/Petitioner stated that he did not want another inmate placed near him when the other inmate was released from segregation and stating that "I do not want

actions. Having examined the record in both actions, the undersigned has determined that Plaintiff/Petitioner did not exhaust administrative remedies prior to filing them and has not stated a claim for which relief can be granted and hereby respectfully recommends that they be dismissed.

## FACTUAL BACKGROUND

On December 27, 2010, the Court received two letters from Plaintiff/Petitioner dated December 5, 2010, and the Clerk filed Plaintiff/Petitioner's letters designating them his Complaint (Civil Action No. 5:10-1410, Document No. 1.). In the first letter, Plaintiff/Petitioner states that in November, 2010, he submitted a request to Defendant Unite Manager Snow indicating that he was having a problem with another inmate and requesting that he and the other inmate be separated so that he would not "be put in a situation to where I would stab him or something. This was a plea for help. I even stated on the request that I wanted him to call me to his office to talk this over." Plaintiff/Petitioner's request to Defendant Snow was construed as a threat upon the other inmate, and Plaintiff/Petitioner was charged in an incident report with committing a Code 203 violation, threatening another with bodily harm or any other offense, a high category prohibited act, and "placed in lock up." See 28 C.F.R. § 541.13, Table 3, and BOP's Program Statement 5270.08, Table 3. Plaintiff/Petitioner indicates that as a consequence of his Code 203 violation, he received additional custody points and qualified for a transfer to a United States Penitentiary. Plaintiff/Petitioner accuses Defendant Snow of "playing games with my life and my time" and "setting me up to kill myself or get killed." In his second letter, Plaintiff/Petitioner states that he was being held "in lock up"and was not provided a copy of the incident report or any document indicating that he had been found guilty

---

to be put in a situation to where he messes with me and I stab him with a ink pen or something."

of the Code 203 violation.[3] Plaintiff/Petitioner states that "''[t]his is all illegal and cruel and unusual punishment, and I feel that D. Snow is making a joke of my time and my life and well being."[4]

On May 24, 2011, Plaintiff/Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody naming Joel Zeigler, Warden of FCI Beckley, as the Defendant. Elisha Riggleman v. Joel Zeigler, Civil Action No. 5:11-0373. Plaintiff/Petitioner contends essentially that the BOP improperly construed his November 7, 2010, Inmate Request to Staff which he intended as a request for help as containing a threat and disallowed 27 days of good conduct time as the penalty for his violation of Code 203. In support of his position, Plaintiff/Petitioner cites United States v. Barcley, 452 F.2d 930 (8th Cir. 1971), in which the Court distinguished between clearly threatening language and language susceptible of "a number of innocuous interpretations which are equally plausible." Plaintiff/Petitioner attaches copies of the following documents to his Application:

> Plaintiff/Petitioner's November 7, 2010, Inmate Request to Staff addressed to Unit Manager Snow by which Plaintiff/Petitioner stated that he did not want another inmate placed near him when the other inmate was released from segregation and

---

[3] The sanctions listed for Code 200 violations include disallowance of "between 25 and 50% (14 - 27 days) of good conduct time credit for year" and disciplinary segregation for up to 30 days.

[4] Plaintiff/Petitioner was found in this District Court to have violated 18 U.S.C. § 876(c) by mailing threatening communications in 2004 in *United States v. Riggleman*, Criminal No. 2:04-0048 (Chief Judge Goodwin), and the Court imposed an 18 month term of imprisonment and a three year term of supervised release. Plaintiff/Petitioner was found guilty again of violating 18 U.S.C. § 876(c) in the Northern District of West Virginia in 2007 and sentenced to 46 months in prison and a three year term of supervised release. *United States v. Riggleman*, Criminal No. 2:06-0023 (District Judge Maxwell). It appears that Plaintiff/Petitioner's sentences in the above two matters were aggregated. Plaintiff/Petitioner's projected release date is currently September 12, 2012. On May 24, 2011, however, an Indictment was filed in this District Court charging Plaintiff/Petitioner with threatening to kidnap and assault a BOP officer and murder and assault the officer's wife and child in violation of 18 U.S.C. § 115(a)(1)(B). *United States v. Riggleman*, Criminal No. 5:11-0124 (District Judge Berger). Trial in this matter is scheduled to begin on August 1, 2011.

stating that "I do not want to be put in a situation to where he messes with me and I stab him with a ink pen or something."

Discipline Hearing Officer's Report dated December 13, 2010, and indicating (1) the DHO's determination that Plaintiff/Petitioner committed a Code 203 violation by Plaintiff/Petitioner's statement that he might stab another inmate with a pen in his November 7, 2010, Inmate request to Staff (2) the penalty of disallowance of 27 days of good conduct credit and 15 days of disciplinary segregation (3) notification that Plaintiff/Petitioner had 20 days after Plaintiff's receipt of the DHO's Report to appeal under the administrative remedy procedure and (4) the Report's delivery to Plaintiff/Petitioner on December 29, 2010;

Plaintiff/Petitioner's Regional Administrative Remedy Appeal dated December 29, 2010, the same day Plaintiff/Petitioner received the DHO's Report, asserting that his November 7, 2010, Inmate Request to Staff was 'blown out of proportion. No harm or threat was meant . . ..' and indicating 'warden would not respond to BP-9.'

The Regional Office's Response dated January 21, 2011, rejecting and returning Plaintiff/Petitioner's appeal because Plaintiff/Petitioner 'did not submit proper number of continuation pages with your request/appeal' and '[t]he text must be legible' and notifying Plaintiff/Petitioner that '[y]ou may resubmit your appeal in proper form within 10 days of the date of this rejection notice.';

Plaintiff/Petitioner's Central Office Administrative Remedy Appeal dated January 24, 2011, indicating that he was 'not required to go to the warden when the warden will not reply. I submitted an appeal on paper to him 2 days after being found guilty. I had to do it on paper because form was not available.';

The Central Office's Response dated April 15, 2011, rejecting and returning Plaintiff/Petitioner's appeal and stating that 'you submitted your request or appeal to the wrong level. You should have filed at the institution, regional office, or central office level.' The Response further states that 'you have not completed the processing of this appeal at the regional office.'

## **DISCUSSION**

The undersigned first considers whether or not it is evident that Plaintiff/Petitioner exhausted administrative remedies. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts have consistently required inmates to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)("Federal prisoners must exhaust their administrative remedies prior to filing

4

§ 2241 petitions."), *citing* Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001) and Little v. Hopkins, 638 F.2d 953, 953 - 954 (6th Cir. 1981).); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Dismissal of an inmate's Section 2241 Application without prejudice is appropriate when the inmate has failed to exhaust administrative remedies.

Plaintiff/Petitioner states that he correctly filed administrative appeals of the DHO's decision at each level of the administrative process and they were rejected on grounds that he did not file them at the correct level. Plaintiff/Petitioner states that "I did fully exhaust all administrative remedies on the same grounds listed."

BOP Program Statement 5270.08, Chapter 8, provides as follows respecting administrative appeals of DHOs' decisions:

> The reviewing official for decisions by the DHO is the Regional Director. Appeals shall be initially filed on Form BP-230(13) (formerly 'BP-10') with the appropriate Regional Director within 20 calendar days from the date that the inmate receives the written notice of decision. The Warden may also review DHO hearings and appeals, to the extent he/she considers necessary, to assure substantial compliance with the provisions of the discipline policy. In addition, the DHO may receive informal complaints about the procedure and correct mistakes locally before the BP-10' review.

Considering the attachments to Plaintiff/Petitioner's Section 2241 Application, it appears that Plaintiff/Petitioner timely appealed the DHO's decision to the Regional Office, but his appeal was not in proper form. It does not appear that Plaintiff/Petitioner resubmitted his appeal to the Regional Office as that Office allowed. Rather, he submitted an appeal to the Central Office three days after the Regional Office sent him its rejection notice, and the Central Office rejected it because Plaintiff/Petitioner had not processed his appeal through the Regional Office. Thus, it does not appear that Plaintiff/Petitioner completed the appeal process and exhausted administrative remedies.

Dismissal of this matter is therefore warranted because Plaintiff/Petitioner did not exhaust administrative remedies.

Notwithstanding Plaintiff/Petitioner's failure to exhaust administrative remedies as it appears from the record, the undersigned will address the merits of his Section 2241 claim. In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Plaintiff is contending that his November 7, 2010, Inmate Request to Staff stating that "I do not want to be put in a situation to where he messes with me and I stab him with a ink pen or something" was improperly regarded as containing a threat upon another inmate and consequently he was charged with a Code 203 violation and lost 27 days of good time credit. Considering Plaintiff/Petitioner's claims and the nature of these proceedings, the undersigned finds that Plaintiff/Petitioner's First, Fifth and Eighth Amendment rights are potentially implicated.

Threats are generally not protected under the First Amendment of the United States Constitution. Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969); Goff v. Daily, 991 F.2d 1437, 1438 -1439 (8th Cir. 1993)(Disciplinary proceedings arising out of comments of inmate viewed as "a veiled threat" did not violate inmate's First Amendment rights.) Prison officials and the DHO appropriately considered Plaintiff/Petitioner's statement that if the other inmate were placed near him, he might stab the other inmate with a pen as a threat which, if carried out, would disrupt the order, discipline and security of the prison. Plaintiff/Petitioner's statement was not protected under the First Amendment, and the disciplinary proceedings were in order.

The Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", but the range of

protected liberty interests for persons convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the person's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added). It is well established that an inmate cannot be deprived of a constitutionally protected liberty interest in good time credits through disciplinary proceedings without procedural due process. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Supreme Court stated what procedure is required at a minimum in Wolff. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. In prison disciplinary cases, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates.

Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Courts accord prison officials substantial deference in the exercising of their professional judgment in administering the order, discipline and security of prisons. Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006).

The undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Plaintiff/Petitioner's violation of Code 203, prison officials and the DHO adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.08. Plaintiff/Petitioner received all documents pertinent to the charges against him, was advised of his rights and had ample opportunity to present a defense to those charges. The undersigned further finds that prison staff and the DHO acted fully within their discretion in construing the evidence which resulted in the finding that Plaintiff/Petitioner was guilty of violating Code 203. The finding was supported by the evidence and the disallowance of 27 days of good time credit was lawful and appropriate.

Finally, the undersigned finds that Plaintiff/Petitioner's claims are not cognizable under the Eighth Amendment as he insinuates in Civil Action No. 5:10-1410. See Leblanc v. Pettiford, 2007 WL 465566, *5 (D.S.C.)("[T]he sanction of loss of good time credits . . . does not impose the sort of hardship the Eighth Amendment is intended to reach.")

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff/Petitioner's Application Under 28 U.S.C. § 2241 for Writ of

Habeas Corpus, **DISMISS** these consolidated matters and **REMOVE** them from the Court's docket.

Plaintiff/Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff/Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff/Petitioner who is acting *pro se*.

Date: June 10, 2011.

R. Clarke VanDervort
United States Magistrate Judge